**This order is SIGNED.**

**Dated: May 5, 2017**





**WILLIAM T. THURMAN
U.S. Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re: | Case No.: 15-29123 |
| A Plus Sewer & Water Co. | Chapter 11 |
| Debtor(s). | Honorable William T. Thurman |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
RE: MOTION TO CHANGE VOTE AND OBJECTION TO CONFIRMATION ORDER**

The matter before the Court is the *Motion to Change Vote Pursuant to Rule 3018(a)* (the "Motion to Change Vote") [Docket No. 194] and the *Objection to Confirmation Order* (the "Objection to Order") [Docket No. 195] filed April 10, 2017 by Firmco Business Funding, Inc. (the "Firmco"). The Motion to Change Vote and Objection to Order was joined by Caterpillar Financial Services Corp. ("Caterpillar") (the "Joinder") [Docket Nos. 198, 199].

The Court conducted an evidentiary hearing today on May 5, 2017 (the "Hearing"). At the Hearing, Sherilyn Olsen and Ellen Ostrow appeared on behalf of Firmco, Val Dalling appeared on behalf of the Debtor, David Leigh appeared on behalf of Caterpillar, John Morgan

appeared on behalf of the United States Trustee (the "USTR"), and any other appearances were noted on the record.

In accordance with Fed.R.Civ.P 52(a)(1), made applicable by Fed.R.Bankr.P. 9014, the Court makes the following findings of fact and conclusions of law for the purposes of the hearing on the Motion to Change Vote and Objection to Order only.

## FINDINGS OF FACT

This voluntary chapter 11 case was filed on September 29, 2015. The Debtor is a small business as defined by 11 U.S.C. §101(51D). No committee of unsecured creditors has been appointed in the Case.

At a hearing held February 28, 2017, the Court considered confirmation of the Debtor's Chapter 11 Small Business Plan of Reorganization dated January 23, 2017 (the "Plan"). Over a month later, on April 9, 2017, the Debtor filed a proposed order confirming the Plan (the "Proposed Order") [Docket No. 193]. The Proposed Order was not signed by this Court due to the Objection to Order. *See* Minute Entry dates April 11, 2017.

Firmco is the Debtor's largest secured creditor. On January 14, 2016, the Court entered an Order requiring adequate protection payments to Firmco from the Debtor in the amount of $4,500 (the "Adequate Protection Payments"). *See* Docket No. 75.

Firmco has a claim of $291,181.32 provided for under Class 1 in the Plan and a $76,000 unsecured claim under Class 5 in the Plan. Pursuant to the Plan, Firmco's secured claim of $291,181.32 is to be treated as follows: "(1) $68,470.49 will be paid prior to the Effective Date. (2) The balance of $146,529.51 shall be paid over 60 months in minimum monthly payments no less than (1) $1,888.62 for the first 36 months of the Plan and (2) $3,272.47 for the last 24

months of the Plan." Docket No. 178 at 2–3. Exhibit 1 to the Plan also provides that $215,000 is to be paid through the Plan. Docket No. 178-1.

Pursuant to section 7.01 of the Plan, the Debtor provides that it will sell Excess Property (as defined in the Plan) free and clear of liens to fund the Plan. Docket No. 178 at 5. Firmco has a security interest in the Excess Property.

Firmco argues that it negotiated a release of its lien on the Excess Property in exchange for Firmco receiving $215,000 through the Plan from the Debtor, including an initial payment of $68,470.49 (the "Initial Payment"). Firmco was *not* of the understanding that the Initial Payment was to be reduced by the Adequate Protection Payments. Rather, Firmco believed that it would receive the Adequate Protection Payments and the Initial Payment and based on this assumption, Firmco cast its ballots in favor of the Plan. *See* Docket No. 185.

On March 22, 2017, the Debtor informed Firmco that the Initial Payment had already been paid through the Adequate Protection Payments and that no other payment would be made. Thereafter, Firmco filed its Motion to Change Vote and Objection to Order arguing that cause exists to change its vote due to the Debtor's failure to disclose pertinent facts regarding payments which led to the proposed release of Firmco's lien on the Excess Property and a vote in favor of the Plan. Firmco moves to change its vote to a rejection of the Plan, which would render the Plan non-confirmable.

Caterpillar is also a secured creditor and joins Firmco in its position. Caterpillar moves to change its vote to a rejection of the Plan and argues that after negotiations with the Debtor, Caterpillar understood that $8,794.19 would be paid to Caterpillar prior to the Effective Date, as defined in the Plan, and not reduced in any way by adequate protection payments paid by the

3

Debtor to Caterpillar. Caterpillar's reliance on significant negotiations with the Debtor led to Caterpillar allowing the Debtor to retain possession of the collateral securing Caterpillar's claim against the Debtor following entry of the Court's order terminating the automatic stay at Docket No. 136 and Caterpillar's vote in favor of the Plan.

The Debtor objects to the Motion to Change Vote and argues: 1) the terms of the Plan and payments thereunder, specifically as they relate to adequate protection payments to Firmco and Caterpillar, were the result of extensive negotiations, which led to Firmco and Caterpillar accepting the Plan; 2) Firmco and Caterpillar lack reliance on their position because the Plan would not be feasible based on their arguments; 3) the budget, attached to the Plan and Disclosure Statement, is support of the Plan showed no source of funds to make certain payments as argued by Firmco and Caterpillar and a review of the same would have shown Firmco and Caterpillar that there was no additional funding for the Initial Payments; 4) the parties never discussed the Initial Payments or its source and it is not listed in the Plan; 5) Firmco and Caterpillar are acting in bad faith to better their position at the Debtor's expense; 6) pursuant to the Bankruptcy Code and case law, adequate protection payments are to be applied to reduce the principal of a loan; and 7) cause has not been shown under Fed. R. Bankr. Pro. 3018(a).

## **CONCLUSIONS OF LAW**

The court has jurisdiction over this proceeding under 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the definition of 28 U.S.C. § 157(b)(2)(A) and (L). Venue and notice is found to be proper.

Fed. R. Bankr. P. 3018(a) provides, in pertinent part: "[f]or cause shown, the court after notice and hearing may permit a creditor . . . to change or withdraw an acceptance or rejection."

The Bankruptcy Code does not define "cause" and there is little authority in the Tenth Circuit and elsewhere directly addressing this issue. *See In re CGE Shattuck, LLC.,* No. 99-12287-JMD, 2000 WL 33679416, at *2 (Bankr. D.N.H. Nov. 28, 2000) (the Code does not provide guidance on the term cause thus courts should look to case law); *In re Windmill Durango Office, LLC*, 481 B.R. 51, 63 (B.A.P. 9th Cir. 2012) (the Code does not define cause). Despite the lack of a definition of "cause", the clear language of Rule 3018(a) provides that the court "may permit a creditor" to change its vote implying that the court is vested with some discretion under Rule 3018(a). *Id.*

Several courts addressing cause under Rule 3018(a) and citing Collier on Bankruptcy have stated, "the test for showing whether cause has been shown should often not be a difficult one to meet. As long as the reason for the vote change is not tainted, the change of vote should usually be permitted. The court must only ensure that the change is not improperly motivated." *In re Dow Corning Corp.*, 237 B.R. 374, 377 (Bankr. E.D. Mich. 1999) (citing 9 Collier on Bankruptcy ¶ 3018.01[4] (15th ed. rev.1999) (internal quotations omitted); *In re Windmill Durango Office, LLC*, 481 B.R. at 64; *In re CGE Shattuck, LLC*., No. 99-12287-JMD, 2000 WL 33679416, at *2; *In re Kellogg Square P'ship*, 160 B.R. 332, 334 (Bankr. D. Minn. 1993); *In re MCorp Fin., Inc*., 137 B.R. 237, 238 (Bankr. S.D. Tex. 1992).

Examples of cause to support a change of vote may include "misreading the terms of the plan" or a "breakdown in communication at the voting entity." *In re MCorp Fin., Inc*., 137 B.R. at 238. In such instances, the vote could be changed in order to allow the voting entity to "intelligently express its will." *Id.* A mere change of heart or withdrawal of a vote for the "purpose of strategy (*i.e.*, for the purpose of blocking plan confirmation)" is not cause under

Rule 3018(a). *In re Windmill Durango Office, LLC*, 481 B.R. at 66 (citing *In re MCorp Fin., Inc.*, 137 B.R. at 238). Timeliness of the motion is also relevant when considering cause. *In re Houser Shoes, Inc.*, 245 B.R. 486, 490 (W.D.N.C. 2000). Additionally, subsequent negotiations between the plan proponent and the party seeking to change their vote suffice as the required cause. *In re Cajun Elec. Power Co-op.*, Inc., 230 B.R. 715, 744 (Bankr. M.D. La. 1999).

After considering the record, evidence, arguments of counsel and applicable law, the Joinder, the objection to the Motion to Change Vote filed by the Debtor [Docket No. 206], the Court concludes that the Motion to Change Vote should be denied and the Objection to Order should be overruled.

In this case, cause has not been shown under Rule 3018(a) by Firmco and Caterpillar. The parties intelligently expressed their will when voting on the Plan, they have not alleged that they misread the Plan or the ballots when casting their vote in favor of the Plan, and a change in vote to reject the Plan by Firmco and Caterpillar would effectively block confirmation of the Plan. Firmco and Caterpillar may wish to pursue alternative methods in obtaining their Adequate Protection Payments in addition to payments under the Plan. However, at this juncture, cause under Rule 3018(a) has not been sufficiently shown to allow a change in vote.

The procedural posture of the Motion to Change Vote causes the Court the most concern. Had the Debtor been more prompt in submitting a proposed order confirming the Plan, rather than electing to defer submitting the proposed order for 40 days after the confirmation hearing the Court would likely to have signed the same. Should Firmco and Caterpillar thereafter have filed pleadings with the same underlying arguments in the Motion to Change Vote, it would most likely have taken the shape of 1) a Fed. R. Civ. P. 60(b) motion for relief from order; 2) a motion

to convert to chapter 7 for a material breach of a confirmed plan or a motion seeking to direct the Debtor to pay the claim as provided in section 10.06 of the Plan; 3) a simple motion for breach of contract or 4) some other alternative relief. A hearing on Plan confirmation was held with supporting votes of Firmco and Caterpillar. Another motion may be appropriate, not changing a vote.

Generally, it is the Court's policy that proposed orders are filed promptly with the Court. *See* Local Rule 9021-1(c). Proposed orders should memorialize what occurred at the hearing. The Proposed Order adequately memorializes what occurred at the Plan confirmation hearing on February 28, 2017.  The Objection to Order should be overruled.

Based on the foregoing, the Court will enter an order denying the Motion to Change Vote and overruling the Objection to Order. Debtor's counsel is directed to submit a proposed order referring to these Findings of Fact and Conclusions of Law. The proposed order should comply with Local Rules and the Court will review the same before signing.

**[END OF DOCUMENT]**

**DESIGNATION OF PARTIES TO RECEIVE NOTICE**

Service of the foregoing **FINDINGS OF FACT AND CONCLUSIONS OF LAW RE: MOTION TO CHANGE VOTE AND OBJECTION TO CONFIRMATION ORDER** shall be served to the parties and in the manner designated below:

**By Electronic Service:** ECF LIST

- Matthew K. Broadbent    matt@vannovalegal.com, vannova.ecf@gmail.com
- Val Dalling    val@vannovalegal.com, vannova.ecf@gmail.com
- Stephen B. Elggren    sbe@evlaw.net
- L. Mark Ferre    mferre@mstar.net, mferre1974@gmail.com
- David H. Leigh    dleigh@rqn.com, dburton@rqn.com;docket@rqn.com
- John T. Morgan tr    john.t.morgan@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Suzanne.Verhaal@usdoj.gov
- Sherilyn A. Olsen    solsen@hollandhart.com, slclitdocket@hollandhart.com;intaketeam@hollandhart.com;cfries@hollandhart.com
- Ellen E Ostrow    eeostrow@hollandhart.com, mkthurgood@hollandhart.com;intaketeam@hollandhart.com
- United States Trustee    USTPRegion19.SK.ECF@usdoj.gov

**By U.S. Mail –**

United States Trustee
Ken Garff Bldg.
405 South Main Street Suite 300
Salt Lake City, UT 84111

Val Dalling, III
Matthew K. Broadbent
Vannova Legal, PLLC
49 West 9000 South #1
Sandy, UT 84070

A Plus Sewer & Water Co.
PO Box 818
Heber City, UT 84032

Andrew S. Nemeth
Vannova Legal, PLLC
6200 East Thomas Road, Suite 201
Scottsdale, AZ 85251

David H. Leigh, Esq.
RAY QUINNEY & NEBEKER P.C.
36 South State Street, 14th Floor
P.O. Box 45385
Salt Lake City, Utah 84145-0385

Mona L. Burton,
Sherilyn A. Olsen
Ellen Ostrow
HOLLAND & HART LLP
222 S. Main Street, Suite 2200
Salt Lake City, UT 84101